[No. 6272–1–II. Division Two. July 16, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE COWAN JOHNSON, *Appellant.*

*William K. Thayer,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Roger A. Bennett, Deputy,* for respondent.

REED, J.—George Cowan Johnson appeals a habitual criminal finding, as well as his convictions of burglary in the first degree, theft in the first degree, and assault in the second degree all while armed with a deadly weapon and firearm. We affirm.

The underlying facts are essential only as they relate to the assault conviction. Acting on a neighbor's tip, two deputies from the Clark County sheriff's office arrived at the Benton residence in Ridgefield while one of two burglary suspects was still in the house. Deputy Griffith covered the front door, and Deputy Krause went around to the back. The man inside started to emerge from a window, but spied Deputy Krause and retreated into the house. Soon, the front door was flung open but was quickly shut by the suspect when he was confronted with Deputy Griffith. The deputy immediately launched himself at the door commencing a shoving match with the man on the inside. The

contest ended when a hand holding a gun pointed at Deputy Griffith came from behind the door. Deputy Griffith retreated to the shrubbery, and the suspect escaped. He was captured later in a nearby field. The police removed a .38 caliber gun from his waistband and the Bentons' jewelry from his pockets. He was identified as George Cowan Johnson.

Johnson was charged with first degree burglary, first degree theft and second degree assault on Deputy Griffith. The information alleged that he was armed with a deadly weapon and firearm during the commission of each crime. At the January 25, 1982 trial, the jury found him guilty as charged and specially found that he had been armed with a deadly weapon and firearm.

The State then filed a supplemental information alleging that Johnson was a habitual criminal under RCW 9.92.090. The two prior felonies relied upon were a 1981 Oregon conviction and a 1977 Oregon conviction. By motion to suppress, Johnson unsuccessfully sought to exclude the 1981 conviction. He did not challenge the use of the 1977 conviction. At the trial on March 1, 1982, the jury found Johnson to be a habitual criminal. He was sentenced accordingly.

Johnson's principal assignment of error concerns the habitual criminal proceeding. He contends that the court erred by refusing to suppress his 1981 Oregon conviction. That conviction was entered after a bench trial on stipulated facts. Johnson's argument for suppression below and on appeal is that, because he necessarily waived certain fundamental constitutional rights by stipulating to the facts on which the court found him guilty, before the State can use the conviction against him in the habitual criminal proceeding it must prove that Johnson's waiver of those rights was voluntary and knowing. He seeks by analogy to bring himself within the rule of *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980).

*Holsworth* held that before the State can use a prior conviction based on a guilty plea to support a habitual

criminal finding the State must show that the defendant knowingly and voluntarily pleaded guilty by proving that the defendant was aware of the nature of the offense charged and the consequences of his plea, as well as specifically aware of his rights to a jury trial, to remain silent and to confront his accusers. *See also State v. Chervenell*, 99 Wn.2d 309, 662 P.2d 836 (1983). Johnson did not plead guilty to the 1981 Oregon charge, but rather pleaded not guilty, executed a written waiver of jury trial, and stipulated to the facts from which the court found him guilty. Courts in several jurisdictions recognize "slow pleas," also called de facto pleas of guilty, *i.e.,* a plea of not guilty based on stipulated facts which in the circumstances is tantamount to a guilty plea. Those jurisdictions require that the guilty plea safeguards be applied in slow plea cases.[1]

However, Washington has not adopted the "slow plea" doctrine. Our courts have repeatedly held that a bench trial on stipulated facts is functionally and qualitatively different from a guilty plea and, therefore, that the court is not required to follow the guilty plea procedure before entering a conviction based on stipulated facts. *State v. Jacobson*, 33 Wn. App. 529, 656 P.2d 1103 (1982), *review denied,* 99 Wn.2d 1010 (1983); *State v. Davis,* 29 Wn. App. 691, 630 P.2d 938, 17 A.L.R.4th 53, *review denied,* 96 Wn.2d 1013 (1981); *State v. Chervenell,* 28 Wn. App. 805, 626 P.2d 530 (1981), *rev'd on other grounds,* 99 Wn.2d 309, 662 P.2d 836 (1983); *State v. Wiley,* 26 Wn. App. 422, 613 P.2d 549, *review denied,* 94 Wn.2d 1014 (1980). We decline the invitation to extend the holding of *Holsworth* beyond guilty pleas. *Accord, State v. Heaps,* 36 Wn. App. 718, 677 P.2d 1141, *review denied,* 101 Wn.2d 1013 (1984); *State v. Serr,* 35 Wn. App. 5, 664 P.2d 1301, *review denied,* 100 Wn.2d 1024 (1983); *State v. LaBeur,* 33

---

[1]*See, e.g., In re Mosley,* 1 Cal. 3d 913, 464 P.2d 473, 83 Cal. Rptr. 809 (1970); *Bunnell v. Superior Court,* 13 Cal. 3d 592, 531 P.2d 1086, 119 Cal. Rptr. 302 (1975); *People v. Russ,* 31 Ill. App. 3d 385, 334 N.E.2d 108 (1975); *Glenn v. United States,* 391 A.2d 772 (D.C. 1978); *Sutton v. State,* 289 Md. 359, 424 A.2d 755 (1981); *Commonwealth v. Davis,* 457 Pa. 194, 322 A.2d 103 (1974).

Wn. App. 762, 657 P.2d 802, *review denied,* 99 Wn.2d 1013 (1983). The denial of Johnson's motion to suppress the 1981 Oregon conviction was not error.

With reference to his assault conviction, Johnson challenges the sufficiency of the evidence that (1) the perpetrator of the offense was Johnson, (2) he acted intentionally, and (3) he knowingly assaulted Deputy Griffith. The test for sufficiency of the evidence is whether, after viewing the evidence most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). The clear inferences from Deputy Griffith's testimony establish circumstantially the three challenged elements of the crime. The jury hardly could have reached any other conclusion.

We have reviewed Johnson's three other assignments of error and find them devoid of merit.

Affirmed.

PETRICH, C.J., and LANGSDORF, J. Pro Tem., concur.

Reconsideration denied August 14, 1984.

Review granted by Supreme Court November 16, 1984.