[No. 50961–1.  En Banc.  August 29, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE COWAN JOHNSON, *Petitioner.*

*Darrell E. Lee* and *Lee, Schauermann, Thayer & Day,* for petitioner.

*Arthur D. Curtis, Prosecuting Attorney,* and *Roger A. Bennett, Chief Criminal Deputy,* for respondent.

GOODLOE, J.—George Cowan Johnson appeals the Court

of Appeals affirmance of a jury finding of habitual criminal which utilized a prior conviction based upon stipulated facts. We affirm.

On January 25, 1982, Johnson was convicted by a Clark County jury of first degree burglary, first degree theft, and second degree assault. The State then filed a supplemental information alleging that he was a habitual criminal under RCW 9.92.090. To show the requisite other prior felonies, the State relied upon two Oregon burglary convictions: one in 1977 and one in 1981.

By objection prior to trial, Johnson sought to exclude only the 1981 conviction. He argued that the 1981 conviction, which was entered after a bench trial on stipulated facts, could not be used because the State could not prove that he had knowingly and voluntarily waived his constitutional rights, specifically the right to confront his accusers. The trial court denied the motion and admitted evidence of the 1981 conviction. At trial on March 1, 1982, a jury found Johnson to be a habitual criminal.

Johnson appealed, raising several issues, to the Court of Appeals, Division Two, which affirmed the trial court on all issues. *State v. Johnson,* 38 Wn. App. 113, 684 P.2d 775 (1984). Johnson petitioned this court for review but only on the issue of the use of the 1981 conviction. Only this issue is before us. RAP 13.7(c); *State v. Murdock,* 91 Wn.2d 336, 339, 588 P.2d 1143 (1979).

An element of the habitual criminal status under RCW 9.92.090 which must be proved by the State beyond a reasonable doubt is the existence of three valid felony convictions. *State v. Holsworth,* 93 Wn.2d 148, 159, 607 P.2d 845 (1980).

Johnson argues that the State has not met its burden of proving that his 1981 Oregon conviction based on a trial of stipulated facts is a *valid* prior felony conviction because the State has not shown he knowingly and voluntarily waived his constitutional rights at the prior trial. The State argues that in a stipulated facts trial, a defendant does not have to be advised of his constitutional rights.

Although presented in a habitual criminal proceeding, the basic issue which must be decided is if, and when, a defendant must be advised of his constitutional rights in a stipulated facts trial, or, in other words, when, if at all, will a stipulated facts trial be found to be tantamount to a guilty plea.

With respect to a guilty plea conviction, this court has definitively declared what is necessary for it to be a valid conviction. This court has held:

> It is a violation of due process to accept a guilty plea without an affirmative showing that the plea was made intelligently and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Moreover, in addition to the minimum requirements imposed by the constitution, criminal pleas are governed by rules of court. CrR 4.2 . . . establishes requirements beyond the constitutional minimum. It provides:
>
> > **(d) Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.
>
> . . . The record of a plea hearing or clear and convincing extrinsic evidence must affirmatively disclose a guilty plea was made intelligently and voluntarily, with an understanding of the full consequences of such a plea. *Wood v. Morris*, 87 Wn.2d 501, 554 P.2d 1032 (1976).

(Italics omitted.) *State v. Barton*, 93 Wn.2d 301, 304, 609 P.2d 1353 (1980).

Johnson seeks an extension of the protections afforded in the guilty plea setting to the stipulated facts trial setting. The issue of whether to require these protections in a stipulated facts trial is one of first impression for this court. The Washington Court of Appeals has addressed it numerous times.

The first Court of Appeals decision, and the one upon which all the subsequent cases rely, is *State v. Wiley*, 26 Wn. App. 422, 613 P.2d 549, *review denied,* 94 Wn.2d 1014

(1980). The issue presented in that case was whether a stipulation to facts regarding the alleged crime was tantamount to a guilty plea, thus calling into play the procedural safeguards of CrR 4.2. After noting that California and Arizona had found that under certain circumstances guilty plea admonitions were necessary, the Court of Appeals found they were not necessary. The *Wiley* court said:

> A guilty plea, however, is functionally and qualitatively different from a stipulation. A guilty plea generally waives the right to appeal. *State v. Saylors,* 70 Wn.2d 7, 422 P.2d 477 (1966). A guilty plea has been said to be "itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama,* 395 U.S. 238, 242, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969).
>
> A stipulation, on the other hand, as was employed in the instant case, is only an admission that if the State's witnesses were called, they would testify in accordance with the summary presented by the prosecutor. The trial court must make a determination of guilt or innocence. *State v. Gossett,* 120 Ariz. 44, 583 P.2d 1364 (1978). More importantly, a stipulation preserves legal issues for appeal and can operate to keep potentially prejudicial matters from the jury's consideration.

*Wiley,* at 425–26. "Because the stipulation was not tantamount to a guilty plea, CrR 4.2 admonitions were not required." *Wiley,* at 427.

Subsequent cases followed the *Wiley* holding that CrR 4.2 admonitions are not required. *State v. Chervenell,* 28 Wn. App. 805, 811, 626 P.2d 530 (1981) ("*Wiley* held that a defendant's stipulation to facts outlined by the prosecutor, without stipulating as to guilt, is not tantamount to a guilty plea and thus CrR 4.2 admonitions are not required."), *rev'd on other grounds,* 99 Wn.2d 309, 662 P.2d 836 (1983); *State v. Davis,* 29 Wn. App. 691, 696, 630 P.2d 938, 17 A.L.R.4th 53, *review denied,* 96 Wn.2d 1013 (1981). Also, two cases expressly addressed the defendant's Sixth Amendment rights of confrontation and compulsory process in a stipulated facts trial, and found no error with the trial court's failure to expressly tell defendant of these rights. *State v. Harper,* 33 Wn. App. 507, 655 P.2d 1199 (1982);

*State v. Jacobson,* 33 Wn. App. 529, 656 P.2d 1103 (1982), *review denied,* 99 Wn.2d 1010 (1983).

The main case upon which some jurisdictions rely to require advisement of constitutional rights when a trial is equivalent to a plea of guilty is *Brookhart v. Janis,* 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245 (1966). Our Court of Appeals decisions have never cited or referred to this case. In *Brookhart,* an Ohio defendant by habeas corpus proceeding sought to have his convictions overturned because his convictions were based on a "prima facie case" without the knowing and voluntary waiver of his rights to be confronted with and cross–examine his accusers. A "prima facie case", as noted by Justice Harlan in a separate opinion, is an unusual procedure. Based on the language of the Supreme Court's opinion and language used by the trial court, a "prima facie case" is the equivalent of a guilty plea because the prosecutor need only make a prima facie showing of guilt and defense counsel neither offers evidence nor cross–examines witnesses. When the trial judge in *Brookhart* stated in open court that in a "prima facie case" the defendant in effect admits his guilt, the defendant interjected that he was not admitting his guilt. The Supreme Court found the defendant's statement precluded the case continuing as a "prima facie case" and that defense counsel did not have the power to override his client's expressed desire to plead not guilty and have a trial in which he can confront and cross–examine the witnesses against him. *Brookhart,* at 6–7.

██ We find a stipulated facts trial is functionally and qualitatively different from the "prima facie case" in *Brookhart.* In a stipulated facts trial, the judge or jury still determines the defendant's guilt or innocence; the State must prove beyond a reasonable doubt the defendant's guilt; and the defendant is not precluded from offering evidence or cross–examining witnesses but in essence, by the stipulation, agrees that what the State presents is what the witnesses would say. Furthermore, in a stipulated facts trial the defendant maintains his right to appeal, which is lost

when a guilty plea is entered.

We acknowledge that some jurisdictions have adopted the rule that when a stipulated facts trial, or the equivalent of it is, under the circumstances of the case, in fact, tantamount to a plea of guilty, then a defendant must be advised of the constitutional rights being relinquished. *In re Mosley,* 1 Cal. 3d 913, 464 P.2d 473, 83 Cal. Rptr. 809 (1970); *People v. Smith,* 59 Ill. 2d 236, 319 N.E.2d 760 (1974); *State v. Steelman,* 126 Ariz. 19, 612 P.2d 475 (1980); *Yanes v. State,* 52 Md. App. 150, 448 A.2d 359 (1982); *Commonwealth v. Duquette,* 386 Mass. 834, 438 N.E.2d 334 (1982); *Commonwealth v. Tate,* 487 Pa. 556, 410 A.2d 751 (1980); *Glenn v. United States,* 391 A.2d 772 (D.C. 1978); *A.E.K. v. State,* 432 So. 2d 720 (Fla. Dist. Ct. App. 1983). However, the jurisdictions' determinations of what is tantamount to a guilty plea and of when a defendant has been adequately advised varies.

Three states, California, Illinois, and Arizona, have truly grappled with this issue. Their efforts to define and apply a "tantamount to a guilty plea" test has resulted in exception–ridden, fact–specific decisions. *In re Mosley, supra; Bunnell v. Superior Court,* 13 Cal. 3d 592, 531 P.2d 1086, 119 Cal. Rptr. 302 (1975); *People v. Orduno,* 80 Cal. App. 3d 738, 145 Cal. Rptr. 806 (1978), *cert. denied,* 439 U.S. 1074, 59 L. Ed. 2d 41, 99 S. Ct. 849 (1979); *People v. Smith, supra; People v. Russ,* 31 Ill. App. 3d 385, 334 N.E.2d 108 (1975); *People v. Sullivan,* 72 Ill. App. 3d 533, 391 N.E.2d 241 (1979); *People v. Garrett,* 104 Ill. App. 3d 178, 432 N.E.2d 1305 (1982); *People v. Bonham,* 106 Ill. App. 3d 769, 436 N.E.2d 269 (1982); *State v. Avila,* 127 Ariz. 21, 617 P.2d 1137 (1980) (and cases cited therein). In light of our view that a stipulated facts trial is substantively different from a guilty plea proceeding, we choose not to enter into this morass.

Johnson did not plead guilty to the 1981 Oregon charge, but rather pleaded not guilty. He executed a written waiver of jury trial, and stipulated to the facts from which the court found him guilty. We find no error in the trial court's

use of the 1981 conviction to establish Johnson's status as a habitual criminal. The Court of Appeals is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.