[No. 23763-2-I.   Division One.   July 23, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD
AUTREY, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca Roe, Deputy,* for respondent.

SWANSON, J.—The defendant, Ronald Autrey, appeals from the trial court's order denying his motion to withdraw his plea of not guilty by reason of insanity (NGI). He argues that the court's inquiry as to his understanding of the proceeding was insufficient to establish that his motion for acquittal on the basis of his NGI plea was knowingly, voluntarily and intelligently made.

By information filed August 25, 1987, Ronald Autrey was charged with one count of attempted second degree rape. Autrey was committed to Western State Hospital for observation. An order was entered September 15, 1987, finding Autrey incompetent and committing him to Western State Hospital for further treatment.

On November 9, 1987, the trial court found Autrey competent to stand trial. On December 11, 1987, Autrey moved the trial court for acquittal on the grounds of insanity pursuant to RCW 10.77.080.[1] This motion included the

---

[1]RCW 10.77.080 states,

"The defendant may move the court for a judgment of acquittal on the grounds of insanity: *Provided,* That a defendant so acquitted may not later contest the validity of his detention on the grounds that he did not commit the acts charged. At the hearing upon said motion the defendant shall have the burden of proving by a preponderance of the evidence that he was insane at the time of the offense or offenses with which he is charged. If the court finds that the defendant should be acquitted by reason of insanity, it shall enter specific findings in substantially the same form as set forth in RCW 10.77.040 as now or hereafter

defendant's signed statement of rights waived and the consequences of acceptance of the motion. The prosecutor supported the motion by stipulating that Autrey was not guilty by reason of insanity at the time the offense was committed. After reviewing reports of staff doctors at Western State Hospital, the stipulated findings of fact, the defendant's statement, the certificate of probable cause, and following a court–conducted inquiry as to defendant's understanding of the consequences, the trial court granted defendant's motion and entered a judgment of acquittal by reason of insanity pursuant to RCW 10.77.080.

Not until February 16, 1989, 14 months later, did Autrey move for an order vacating the judgment of acquittal and seek withdrawal of his motion for acquittal by reason of insanity. He argued that he did not have a full understanding of such a motion including its consequences; therefore, his plea was not knowingly, intelligently and voluntarily made. The trial court determined from the record that Autrey understood what was going on and denied the motion. This appeal timely followed.

The only issue on appeal is whether the trial court erred in accepting Autrey's stipulation that he was legally insane at the time that the offense was committed and granting his motion for acquittal by reason of insanity. Autrey contends that the hearing on his motion to vacate the judgment failed to demonstrate his subjective understanding of his NGI plea and the consequences of his motion for acquittal based on such a plea. He asserts that the court's limited inquiry consisted of leading questions that elicited essentially "yes" and "no" responses. Autrey argues that the record of this inquiry was insufficient to demonstrate a knowing, voluntary and intelligent understanding of the proceeding. He asks that this court remand for entry of an order granting his motion to vacate his acquittal and allow

amended. If the motion is denied, the question may be submitted to the trier of fact in the same manner as other issues of fact."

him to withdraw his motion for acquittal by reason of insanity.

As support for his argument, Autrey relies primarily upon our decisions in *State v. Brasel,* 28 Wn. App. 303, 623 P.2d 696 (1981) and *State v. Lover,* 41 Wn. App. 685, 707 P.2d 1351 (1985). In *Brasel,* the prosecutor had agreed that the accused was legally insane at the time of the crime. Brasel then moved, pursuant to RCW 10.77.080, for a judgment of acquittal by reason of insanity, which the court accepted. On appeal, Brasel argued that the trial court erred in accepting his motion because he did not understand the consequences of such a motion. The court equated an RCW 10.77.080 motion for acquittal by reason of insanity with a plea of guilty for purposes of due process, and held that due process requires such a defendant to be informed of and understand

> (1) the essential elements of the offense charged; (2) that by making the motion he admitted to committing the acts charged and that, if acquitted, he might not later contest the validity of his detention on the ground that he did not commit the acts charged; (3) that by making the motion he waived his rights to remain silent, to confront his accusers, and to be tried by a jury; and (4) that, if acquitted, he could be committed to a state hospital for the criminally insane for a term up to the maximum possible penal sentence for the offense charged.

*Brasel,* 28 Wn. App. at 313. Because the record failed to demonstrate satisfaction of constitutional standards in accepting such a motion, the court remanded for an evidentiary hearing for entry of findings as to whether defendant was adequately informed and understood the consequences of his motion.

The State argues that *State v. Johnson,* 104 Wn.2d 338, 705 P.2d 773 (1985) rejected an argument similar to that relied on by the court in *Brasel* and, therefore, Autrey's reliance on *Brasel* is misplaced. In *Johnson,* a jury found the defendant to be a habitual criminal under RCW 9.92-.090. One of the prior felony convictions relied upon by the jury in reaching this decision was a conviction entered after a bench trial on stipulated facts. The defendant appealed

and argued that the conviction could not be used because the State could not prove that he had knowingly and voluntarily waived his constitutional right to confront witnesses in stipulating to the facts of that case. The Supreme Court disagreed, noting that a stipulated facts trial is functionally and qualitatively different from a "prima facie case" or guilty plea situation.

*Brasel* and *Johnson* are distinguishable from each other in that each deals with a defendant's constitutional rights under different types of proceedings. *Brasel* involves a judgment of acquittal under RCW 10.77.080, which the *Brasel* court said has some of the same consequences as a guilty plea:

> A motion for judgment of acquittal under RCW 10.77.080 has many of the same consequences as a plea of guilty. By filing the RCW 10.77.080 motion, a defendant admits to committing the act charged, and if the court accepts the motion, he waives his constitutional right to a jury trial on that issue. *State v. Jones*, 84 Wn.2d 823, 832–33, 529 P.2d 1040 (1974). He may not later contest the validity of his detention on the ground that he did not commit the acts charged. RCW 10.77-.080. Furthermore, if the court accepts the motion, he waives the right to have a jury determine whether he is dangerous to others or likely to commit felonious acts jeopardizing public safety or security, RCW 10.77.040, .080, and he may give up the right to confront his accusers. Significantly, he subjects himself to the possibility of commitment as criminally insane for as long as the maximum penal sentence for the offense charged.

*Brasel*, 28 Wn. App. at 312.[2]

---

[2]While many of the consequences of a judgment of acquittal pursuant to an NGI plea are similar to the consequences of a guilty plea as stated in *Brasel*, there are significant differences. In accepting an NGI plea, the defendant is found "not guilty" rather than guilty and has many of the benefits of an acquittal—avoidance of a criminal record, freedom from punishment by imprisonment and relief from burden of proving insanity if plea accepted. Furthermore, even though the defendant gives up the right to a jury trial on the issue of whether he committed the act charged in an RCW 10.77.080 proceeding, he obtains an acquittal without a trial on his NGI plea only if the State agrees and the court accepts the stipulation. Otherwise, the question of guilt goes to trial, at which time the defendant has the burden of proving insanity. *State v. Box*, 109 Wn.2d 320, 745 P.2d 23 (1987). Significantly, the defendant obtains an acquittal with the possibility of commitment dependent upon subsequent factual determinations.

*Johnson,* however, deals with stipulated facts trials, which have consequences quite different from a guilty plea:

> In a stipulated facts trial, the judge or jury still determines the defendant's guilt or innocence; the State must prove beyond a reasonable doubt the defendant's guilt; and the defendant is not precluded from offering evidence or cross-examining witnesses but in essence, by the stipulation, agrees that what the State presents is what the witnesses would say. Furthermore, in a stipulated facts trial the defendant maintains his right to appeal, which is lost when a guilty plea is entered.

*Johnson,* 104 Wn.2d at 342–43. Accordingly, *Johnson* has not rejected the reasoning relied upon in *Brasel,* as urged by the State. Rather, *Johnson* merely addresses the constitutional rights of defendants in a different situation. Therefore, *Johnson* is inapposite.

█ Autrey quotes from our opinion in *State v. Lover,* 41 Wn. App. at 693 (quoting *State v. Chavis,* 31 Wn. App. 784, 790, 644 P.2d 1202 (1982)), and contends that whether his RCW 10.77.080 motion was made voluntarily and intelligently is ultimately a question of "the *subjective* understanding of the accused rather than the quality or content of the explanation provided'". In *Lover* we said, "The trial judge 'should question the accused in a manner designed to reveal *understanding* rather than framing questions that call for a "yes" or "no" response.'" *Lover,* 41 Wn. App. at 693–94 (quoting *Chavis,* 31 Wn. App. at 790).[3] This court did not, however, limit its review of the defendant's understanding to whether the trial court had framed its questions

---

[3]It is important to note that the issue regarding the sufficiency of the court's inquiry arose in *Lover* in the context of a defendant's motion to *enter* an NGI plea, not the *withdrawal* of a plea and the vacation of acquittal based on such a plea as here. In *Lover,* the trial court denied the defendant's motion and held that he had waived the entry of an NGI plea; therefore, on appeal the issue was the validity of his waiver. Based on the defendant's disjointed and incoherent responses given during the court's inquiry into the question of defendant's alleged waiver of his NGI plea, this court was satisfied that a waiver had not been shown. Accordingly, the case was remanded to permit the entry of such a plea. We believe that the showing required to enter an NGI plea is less stringent than that required to support a motion to withdraw an NGI plea which has been accepted and relied upon as the basis of an acquittal.

in a "yes" or "no" format. Rather, this court based its decision on several factors, including "Lover's disjointed, incoherent responses, the absence of any indication that he understood the significance of waiving the plea, and the 'yes or no' form of many of the questions asked by the court". *Lover,* 41 Wn. App. at 694.

Autrey's RCW 10.77.080 motion for acquittal by reason of insanity was heard on December 11, 1987. To determine whether the *Brasel* factors have been satisfied here, we refer to the transcript of this hearing. At the December 11, 1987, hearing on Autrey's motion for acquittal, Autrey indicated that his attorney had reviewed with him the "Motion for Acquittal and Statement of Defendant on RCW 10.77.080 Motion for Acquittal on the Grounds of Insanity". Autrey indicated to the court that he reads the English language and he answered "yes" when asked if he understood specific consequences of his plea. The trial court reviewed the motion with Autrey one topic at a time, informing Autrey of what it said and asking Autrey if he understood the specific consequences, to which Autrey replied "yes". The trial court also questioned Autrey regarding how he was feeling, how far he had gone in school, if he was taking any medication, and if he had been off of his medication before the incident. All of Autrey's responses were short and to the point, without elaboration. Further, the court had before it Autrey's motion and the stipulation which he had signed certifying to his complete understanding of all aspects of such a plea. There is no indication in the record that Autrey did not understand the consequences of his plea. His responses were not disjointed and incoherent as were those in *Lover,* 41 Wn. App. at 692–93. Although the trial judge should try to avoid questions that call for a simple "yes" or "no" response, the trial court may also take into consideration "disjointed, incoherent responses" and "the absence of any indication that [the defendant] understood the significance" of the plea. *See Lover,* 41 Wn. App. at 694. Based on the record here, we

find that Autrey's plea was knowing, voluntary, and intelligent. Autrey's responses were coherent and clearly stated, without any indication of confusion or lack of understanding. Further, Autrey was represented by counsel who presumably acted with his rights and best interests in mind. Accordingly, we affirm the trial court.

SCHOLFIELD and WINSOR, JJ., concur.

Review denied at 115 Wn.2d 1026 (1990).