IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30573-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALVIN R. MELARA FLORES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Alvin Melara Flores appeals his juvenile prison riot conviction,

contending he received ineffective assistance of counsel in his stipulated evidence bench

trial because his attorney did not present evidence on his behalf or impeach the State's

evidence. Because Mr. Flores waived his trial rights and fails to show any deficient

performance from his trial counsel, we affirm.

FACTS

On September 19, 2011, 15-year-old Alvin Melara Flores and a fellow gang

member and inmate at the Grant County Juvenile Detention Facility attacked a rival gang

member while the rival spoke on the telephone. The State charged Mr. Flores with prison

riot and fourth degree assault. Defense counsel moved unsuccessfully to dismiss the

prison riot charge, arguing the juvenile detention facility was not a "correctional institution" as defined by statute. Mr. Flores then agreed to a stipulated evidence bench trial in order to preserve his right to appeal the trial court's denial of his dismissal motion.

Defense counsel filed a Statement on Stipulated Trial, which he prepared on a guilty plea form "since a stipulated trial is in many respects about the same as pleading guilty." Report of Proceedings (RP) at 24. In this statement, Mr. Flores agreed "to the admissibility of the police report and/or discovery as supplemented at trial herein." Clerk's Papers (CP) at 47. Mr. Flores validly waived "the right to testify, to have witnesses testify for [him], and to hear and question witnesses" at his trial. CP at 42. In exchange, the State agreed to dismiss the fourth degree assault charge and recommend a sentence of 15 days' detention on the prison riot charge.

Defense counsel advised Mr. Flores regarding the stipulation, stating, "essentially with a stipulated trial it's just about the same as pleading [guilty] except reserving the appeal right." RP at 29. Further, defense counsel told Mr. Flores he "would not be presenting any argument" at trial and "the reports would be the only evidence before [the court]." RP at 29.

At trial, defense counsel reassured the trial court Mr. Flores agreed to admissibility of the State's incident reports and declarations. When the State rested, defense counsel took no further action, stating he understood Mr. Flores's stipulation to mean he waived his right to present evidence and demand the State produce live witnesses subject to

2

No. 30573-2-III
*State v. Flores*

cross-examination. The Grant County Superior Court Juvenile Department found Mr. Flores guilty of prison riot. Mr. Flores appealed.

ANALYSIS

The issue is whether Mr. Flores was denied effective assistance of counsel in his stipulated evidence trial because his attorney did not present evidence on his behalf or impeach the State's evidence. Mr. Flores contends that by this omission, defense counsel entirely failed to subject the State's case to meaningful adversarial testing. Mr. Flores further contends ineffective assistance is presumed under *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), so he need not prove deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We disagree with Mr. Flores.

To prove an ineffective assistance of counsel claim under *Strickland*, the defendant must show "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Failure to show either element defeats the claim. *Id.* Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "[A] defendant must overcome a strong presumption that counsel's performance was reasonable." *State v. Breitung*, 173 Wn.2d 393, 398, 267 P.3d 1012 (2011). To do so, the defendant must show "there is no conceivable legitimate tactic explaining counsel's performance." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). "A stipulation as to facts may

3

represent a tactical decision . . . ." *State v. Mierz*, 127 Wn.2d 460, 476, 901 P.2d 286 (1995).

In a stipulated facts trial, the defendant typically admits "'if the State's witnesses were called, they would testify in accordance with the summary presented by the prosecutor.'" *In re Det. of Moore*, 167 Wn.2d 113, 121, 216 P.3d 1015 (2009) (quoting *State v. Wiley*, 26 Wn. App. 422, 425, 613 P.2d 549 (1980)). However, "the judge or jury still determines the defendant's guilt or innocence; the State must prove beyond a reasonable doubt the defendant's guilt; and the defendant is not precluded from offering evidence or cross-examining witnesses." *State v. Johnson*, 104 Wn.2d 338, 342, 705 P.2d 773 (1985).

Unlike other stipulated facts trials, Mr. Flores validly waived "the right to testify, to have witnesses testify for [him], and to hear and question witnesses" at his trial. CP at 42. Thus, defense counsel did not present evidence on Mr. Flores's behalf or impeach the State's evidence because Mr. Flores's stipulation required he not do so. As defense counsel correctly noted, this atypical stipulation was more akin to a guilty plea. In this way, the stipulation represented a legitimate tactic limiting Mr. Flores's liability and sentencing exposure while preserving his right to appeal the trial court's denial of his dismissal motion. Mr. Flores does not argue defense counsel performed deficiently in negotiating this atypical stipulation or advising him on it. Therefore, Mr. Flores cannot

4

prove deficient performance under *Strickland*. Further, he does not argue prejudice under *Strickland*.

Instead, Mr. Flores argues that because defense counsel entirely failed to subject the State's case to meaningful adversarial testing, ineffective assistance is presumed under *Cronic*, and he need not prove deficient performance or prejudice under *Strickland*. Although *Strickland*'s test generally governs, ineffective assistance is presumed, under *Cronic*, in limited circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. Specifically, prejudice is presumed if, for example, "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. For this exception to apply, "the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002). If the defendant stands trial, "counsel must hold the prosecution to its heavy burden of proof beyond [a] reasonable doubt." *Cronic*, 466 U.S. at 656 n.19. But counsel need not "do what is impossible or unethical" by "attempting a useless charade" where "there is no bona fide defense to the charge." *Id.*

Here, while it is true defense counsel permitted the State's case to proceed without any adversarial testing, he did so in obedience to Mr. Flores's stipulation, itself the product of our adversarial criminal justice system. The atypical nature of Mr. Flores's stipulation apparently reflects the reality that he had no bona fide defense to the prison riot charge, and attempting to create a reasonable doubt as to his guilt would be a useless

5

charade. It appears the sole reason Mr. Flores agreed to a stipulated evidence trial, as opposed to a guilty plea, was to preserve his right to appeal the trial court's denial of his dismissal motion. Although Mr. Flores has abandoned his dismissal denial theory on appeal, we cannot say these circumstances were so likely to prejudice Mr. Flores that requiring him to meet *Strickland*'s test is unjustified. Thus, we do not presume ineffective assistance under *Cronic*. It follows that Mr. Flores cannot prove ineffective assistance because he has not shown deficient performance or prejudice under *Strickland*.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Siddoway, J.

6