# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73111-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| BAZEN S. KASSAHUN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 13, 2016 |

SPEARMAN, J. — Bazen Kassahun was convicted of felony driving under the influence (DUI) under RCW 46.61.502 because he had four prior convictions for DUI within the previous ten years. He appeals, arguing that his prior convictions were invalid and could not be used to elevate the charge to a felony. He argues that these convictions were unconstitutional because, prior to the entry of the judgments, he was not informed that (1) felony penalty provisions would apply to his fifth conviction, and (2) a felony conviction may have immigration consequences. We find no error and affirm.

## FACTS

On February 20, 2014, Bazen Kassahun was driving northbound on First Avenue South in Normandy Park, Washington, when he was observed by Officer Shawn Hayes. Kassahun had crossed over the yellow centerline and was driving north in the southbound lane, traveling 70 miles per hour (mph) in a 45 mph

zone. Hayes made a U-turn and pursued the vehicle, watching it swerve back into the northbound lane and finally stop in the 1800 block of First Avenue South.

Hayes approached the vehicle and spoke with the driver, later identified as Kassahun. Kassahun verbally gave the officer one name and presented him with an identification card with a different name. Hayes smelled the odor of intoxicants on Kassahun and could see a glass full of liquid in the car, along with a white substance in a baggie. Hayes ordered Kassahun to exit the vehicle after he refused to show his hands. After a struggle, Kassahun was forcibly removed from the vehicle and ordered to the ground.

After Kassahun was secured, Officer Hayes saw several off-white colored rocks on the rear floorboard that he recognized as crack cocaine. He also saw an EBT card on the seat belonging to a Bazen Kassahun. When Kassahun admitted his identity, it was discovered that his driving status had been revoked and that he had both felony and misdemeanor warrants out for his arrest. A criminal history report showed that Kassahun had four prior convictions for DUI and a fifth DUI arrest in 2013.

Kassahun was arrested and charged with felony DUI, unlawful possession of a firearm in the first degree; violation of the uniform controlled substances act; driving while license suspended/revoked in the first degree; violation of ignition interlock; making a false or misleading statement to a public servant; and resisting arrest. The DUI was charged as a felony under RCW 46.61.502(6) because the State alleged that Kassahun's four prior DUI convictions had occurred within the past ten years. Two of the convictions were the result of guilty

pleas, while the other two arose from deferred prosecutions that were later revoked.

Kassahun moved to dismiss the felony DUI charge, arguing that the prior convictions were unconstitutional because he was not advised of the possibility that a subsequent DUI allegation could be charged as a felony or of the potential immigration consequences if he was convicted of a felony DUI. The trial court denied his motion to dismiss.

Kassahun pled guilty to all charges except for the felony DUI; he entered into a stipulation to facts and waiver of jury trial in order to preserve his challenge for appellate review. The trial court found him guilty of felony DUI and sentenced him to standard range concurrent sentences of 60 months for the DUI and for unlawful possession of a firearm. Kassahun also received concurrent sentences for the other offenses. Kassahun appeals.

<u>DISCUSSION</u>

Kassahun argues that his felony DUI charge should have been dismissed because his prior convictions were unconstitutional. He argues that the convictions are invalid because he was never advised of either the enhanced penalty provisions of RCW 46.61.5055 or the potential immigration consequences of a criminal conviction.

RCW 46.61.502(6) provides, in pertinent part, that "[i]t is a class C felony punishable under chapter 9.94A RCW ... if: (a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055. . . ." A prior conviction that has been determined to be unconstitutional may not be used in subsequent

3

proceedings. State v. Carmen, 118 Wn. App. 655, 666, 77 P.3d 368 (2003). Due process requires that a defendant be fully advised of the consequences of a guilty plea. State v. Ward, 123 Wn.2d 488, 512, 869 P.2d 1062 (1994). A guilty plea must be knowingly, voluntarily, and intelligently made. Id.

Two of the DUI convictions of which Kassahun complains were the result of guilty pleas he entered in 2006. But as the State points out, the felony DUI statute was not enacted until over a year later in May 2007 and did not go into effect until July 1, 2007. See LAWS OF 2006, CH. 73 § 1. A plea is voluntary if the defendant was sufficiently informed of the direct consequences of the plea that existed at the time of the plea. State v. Lamb, 175 Wn.2d 121, 129, 285 P.3d 27 (2012) (no constitutional right to be informed of loss of the right to possess a firearm when it was not a consequence at the time of the plea). Because the felony DUI statute had yet to be enacted when Kassahun pleaded guilty, there was no duty to advise him of its potential consequences.

Kassahun also argues that these prior convictions were unconstitutional because he was not advised of the potential immigration consequences. Br. of Appellant at 8-9. In Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the United States Supreme Court recognized that deportation is "intimately related to the criminal process," and that advice about deportation consequences falls within the ambit of the Sixth Amendment right to counsel. Padilla at 356. If the applicable immigration law "is truly clear" that an offense is deportable, a defendant must be advised that pleading guilty to that charge would lead to deportation. State v. Sandoval, 171 Wn.2d 163, 170, 249

4

P.3d 1015 (2011). If the law is not "succinct and straightforward," counsel must provide a general warning that "pending criminal charges may carry a risk of adverse immigration consequences." Id.

Each of Kassahun's pleas contained the following statement, required by RCW 10.40.200, which reads:

> If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

Clerk's Papers (CP) at 157; 168. By signing the plea forms, Kassahun indicated that he understood all of the written provisions and that he had discussed them with his attorney. But in his brief Kassahun fails to acknowledge having received the written immigration warning.[1] Furthermore, he admitted below that he was aware that DUI convictions are gross misdemeanors and are not removable offenses. We conclude the argument is without merit.

Kassahun's other two DUI convictions arose from deferred prosecutions he entered in July 2007. When he did so Kassahun waived his right to trial by jury and agreed that if the deferrals were revoked, the trial court would determine his guilt based upon the police reports. In a later proceeding, the deferred prosecutions were revoked and Kassahun was found guilty of the two charges following bench trials based on the facts set forth in the police reports. Kassahun

---

[1] And while it is true that under Sandoval, 171 Wn.2d at 173, RCW 10.40.200 does not excuse defense counsel from warning clients of the specific risk of immigration consequences, Kassahun does not claim that his lawyer provided ineffective assistance, nor does he offer any basis for concluding that the notice he did receive was inadequate.

does not dispute that he waived his right to a jury trial on these charges or that he stipulated to the facts upon which the court relied to find him guilty. Because Kassahun did not plead guilty to the charges but instead had a trial, the State is not required to prove his knowledge of the consequences of the convictions. State v. Johnson, 104 Wn.2d 338, 340-344, 705 P.2d 773 (1985).

Kassahun has failed to show that his four prior DUI convictions are constitutionally invalid. His appeal is denied.

Affirmed.

_Spellman, J._

WE CONCUR:

_Appelwick, J._          _Becker, J._

6