

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40737-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL P. McNAMEE JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Michael McNamee, following a stipulated facts trial,

appeals his convictions for failure to register as a sex offender and escape from

community custody. He argues the trial court deprived him of his right to trial by

misinforming him of the constitutional rights he was waiving and by treating the trial as a

guilty plea. He also argues the trial court's findings are insufficient to prove that he

willfully failed to report as directed by his community corrections officer. We disagree

with his arguments and affirm.

FACTS

The parties are familiar with the facts and procedure that underly this appeal. The

State's brief sets them forth in detail, so we provide only a summary.

The State charged Michael McNamee with failure to register as a sex

offender and escape from community custody, and asserted that the offenses

occurred between July 31, 2022, and November 8, 2022. In 2023, the legislature

amended RCW 9A.44.132, the registration statute. LAWS OF 2023, ch. 150, § 6 (effective

July 23, 2023). Because of the amendment, McNamee filed a motion for the failure to

register charge to be reduced to a gross misdemeanor. The trial court denied his motion.

Seeking to raise this issue on appeal, McNamee agreed in writing to a stipulated

facts trial and to waive his rights to a jury trial, to hear and question witnesses, to call

witnesses, and to testify.

At trial, the court said it had reviewed the stipulated facts and found McNamee

guilty of both charges. The court then signed the subjoined verdict. The court's

conclusions of law are not labeled as such but appear in the verdict.

McNamee appeals to this court.

ARGUMENTS AND ANALYSIS

McNamee raises arguments other than the one his trial counsel hoped to raise. He

groups them into two central arguments—violation of his right to trial and a sufficiency

challenge.

A.    RIGHT TO TRIAL

*Waiver of constitutional rights*

McNamee first argues the trial court deprived him of his right to trial by

misinforming him of the rights he waived. In support of his argument, he relies on *State*

2

*v. Johnson*, 104 Wn.2d 338, 705 P.2d 773 (1985). There, the court explained that in a stipulated facts trial a defendant stipulates to evidence but does not waive his rights to offer evidence or cross-examine witnesses. *Id.* at 342-43.

McNamee appears to concede that additional constitutional rights can be waived. *See* Br. of Appellant at 10 (citing *State v. Humphries*, 181 Wn.2d 708, 717, 336 P.3d 1121 (2014), for the proposition that a defendant's waiver of constitutional rights must be knowing, voluntary, and intelligent). We agree.

Here, McNamee agreed to stipulated facts *and* agreed to waive other constitutional rights. He does not challenge the sufficiency of his waiver. We conclude the trial court did not deprive McNamee of his right to trial by permitting him to waive additional constitutional rights.

*Form of trial*

McNamee next argues that the trial court deprived him of his right to trial by treating the trial as a guilty plea, as evidenced by the court's failure to enter its own conclusions of law. The State responds that the trial court did enter conclusions of law. We agree. The trial court's conclusions of law are sufficiently entered in its written verdict.

B.   SUFFICIENCY OF THE EVIDENCE

McNamee next argues the trial court erred in finding him guilty of escape from community custody because the court's findings are insufficient to prove that he *willfully* failed to report as directed by his community corrections officer.  McNamee's argument is nuanced.  It is posited on the lack of any finding that McNamee knew of his obligation to report to the Department of Corrections (DOC).

In *State v. Roberts*, 5 Wn.3d 222, 572 P.3d 1191 (2025), the court clarified an appellate court's review of a sufficiency challenge following a bench trial.  Relevant to the argument raised by McNamee:

> [T]he question is "after viewing the evidence in the light most favorable
> to the prosecution, [could] *any* rational trier of fact . . . have found the
> essential elements of the crime beyond a reasonable doubt."  Importantly
> . . . judicial review includes "*all of the evidence*" considered in a light most
> favorable to the prosecution.

*Id.* at 231 (citation omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

Here, the stipulated facts not only set forth agreed facts, but it also attached exhibits.  One exhibit is McNamee's April *2020* judgment and sentence for failing to register as a sex offender and for escape from community custody.  As part of that sentence, the court placed McNamee on community custody for 36 months, advised McNamee of the requirement that he report to DOC, and stay in contact with his assigned

4

community corrections officer as directed. From these facts, the trial court could find that the State had proved beyond a reasonable doubt that McNamee knew of his obligations and thus willfully failed to report to DOC during the latter half of 2022.[1]

We conclude that the State presented sufficient evidence to sustain the challenged aspect of the escape from community custody conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____     _____
Murphy, J.                                              Hill, J.

---

[1] McNamee, citing *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003), argues the trial court's findings are inadequate because they fail to address each element of the crime separately and because they fail to expressly state that an element has been met. Br. of Appellant at 13-14. We agree; the findings fail to comply with CrR 6.1(d). The remedy for this failure is a harmless error analysis. *Id.* at 43-44.

Here, the uncontested evidence establishes that McNamee knew of his obligation to report to DOC. We conclude that the trial court's inadequate findings constitute harmless error.