[No. 41857-6-II.   Division Two.   January 29, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEON MACNEVEN, *Appellant*.

266

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Jon Tunheim, Prosecutor,* and *Olivia Zhou, Deputy,* for respondent.

¶1 QUINN-BRINTNALL, J. — Robert L. MacNeven appeals his conviction of violating a postconviction no-contact

order—domestic violence, arguing that the trial court violated his right to a timely trial under CrR 3.3 and that his attorney represented him ineffectively by failing to preserve his timely trial rights.[1] Finding no error, we affirm and hold that a defendant cannot base a constitutional claim of ineffective assistance of counsel on an alleged violation of CrR 3.3.

## FACTS

¶2 On October 30, 2010, Olympia police officers found MacNeven in Corrine Sansom's apartment in violation of a no-contact order entered on February 9, 2009. The order prohibiting contact between the two did not expire until February 9, 2014.

¶3 Following his arrest, the State charged MacNeven with violating a postconviction no-contact order—domestic violence. MacNeven was arraigned on November 16, 2010, and remained in custody. The court set a status hearing for January 12, 2011, with trial set for the week of January 18, 2011. At the January 12 status hearing, the State asked to continue the trial until January 31, noting that the ER 404(b) hearing set for January 10 had been continued and that proceeding to trial without first having that hearing would be pointless. The State asked that the ER 404(b) hearing be reset to January 24, and defense counsel agreed to the date over MacNeven's opposition. The trial court found good cause and continued the trial until January 31.

¶4 On January 28, defense counsel asked that trial be reset for the week of February 7, based on MacNeven's desire to retain a different attorney. Noting that MacNeven's timely trial period would not expire until March, the trial court granted the continuance.

¶5 At the status hearing on February 2, the State asked that trial be set for February 8. Defense counsel asked for a

---

[1] MacNeven uses the terminology "speedy trial," but his arguments are based on the timely trial provisions of CrR 3.3 rather than the constitutional speedy trial principles of the Sixth Amendment to the United States Constitution.

third continuance of the trial date so that MacNeven could have additional time to retain counsel. The trial court denied defense counsel's request.

¶6 On February 9, the State noted that MacNeven's trial would need to be rescheduled because the primary trial scheduled to start the same day was ready. MacNeven was not in court, but defense counsel thought he would agree to a continuance, given his desire to continue the trial at the previous hearing. Defense counsel did not object to the rescheduling but agreed to speak with MacNeven before the next status hearing to clarify his position concerning any future continuances and his request for new counsel. The trial court found good cause to continue the trial, noting that the primary case was proceeding and that the court could not preside over two trials at once.

¶7 At a pretrial hearing on February 15, MacNeven complained that he had wanted additional time to get a new attorney. Trial began and ended on February 16, with a single witness testifying for the State. The jury found MacNeven guilty as charged, and it found by special verdict that he had twice previously violated the same no-contact order and that he and Sansom were members of the same family or household. The trial court imposed a standard range sentence of 14 months.

## DISCUSSION

TIMELY TRIAL

¶8 MacNeven argues initially that the trial court was required to dismiss the charge against him after it violated his timely trial rights under CrR 3.3. Violations of CrR 3.3 are not constitutionally based and cannot be raised for the first time on appeal. *State v. Smith*, 104 Wn.2d 497, 508, 707 P.2d 1306 (1985). Moreover, MacNeven did not object to the continuance of his trial date under CrR 3.3, so the rule's provisions prohibit him from raising this claim of trial court error on appeal. *See* CrR 3.3(d)(3) (failure to

object, for any reason, within 10 days of trial setting and to request a trial date within the rule forecloses one's right to object that trial was not set within the rule's time limits); *State v. Bobenhouse*, 143 Wn. App. 315, 322, 177 P.3d 209 (2008), *aff'd on other grounds*, 166 Wn.2d 881, 214 P.3d 907 (2009).

¶9 In an apparent attempt to circumvent CrR 3.3(d)(3), MacNeven also argues that his attorney represented him ineffectively by failing to preserve his timely trial rights under CrR 3.3. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficiency was prejudicial. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). Prejudice is shown if there is a reasonable probability that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011).

¶10 MacNeven argues that his attorney was ineffective in failing to (1) ascertain his position regarding the State's request for a continuance on February 9, (2) ensure that he was in court on that date, and (3) preserve his right to a timely trial by filing a written objection to the February 16 trial date. MacNeven contends that these deficiencies were prejudicial because a proper objection would have resulted in the dismissal of his case. *See* CrR 3.3(h) (violation of time for trial requires dismissal with prejudice).

¶11 MacNeven is incorrect. Instead of dismissing his case, the trial court would have responded to a proper objection by resetting the trial date within the timely trial period or by determining whether there was good cause for a continuance. *State v. Malone*, 72 Wn. App. 429, 438, 864 P.2d 990 (1994). MacNeven cannot show that a proper objection would have changed the outcome of his case, and he cannot show the constitutional prejudice required to sustain his claim of ineffective assistance of counsel.

¶12 Even if we were to review the merits of his argument, we would reject his claim. Allowing counsel time to prepare for trial is a valid basis for continuance, and scheduling conflicts also may be considered in granting continuances. *State v. Flinn*, 154 Wn.2d 193, 200, 110 P.3d 748 (2005). Moving for a continuance by or on behalf of a party waives that party's objection to the requested delay. CrR 3.3(f)(2). Moreover, a trial court may grant a continuance on motion of the court or party where the administration of justice requires and the defendant will not be prejudiced *in the presentation of his defense*. CrR 3.3(f)(2). MacNeven demonstrated no such prejudice.

¶13 MacNeven's complaints concern his attorney's acquiescence to the State's request for a continuance on February 9. The trial court granted this continuance because the primary trial scheduled for the same courtroom was ready to proceed. Even if counsel had objected, and even if MacNeven had been in court that day, there is no showing that a continuance would have prejudiced MacNeven in the presentation of his defense and it is more than likely that the trial court would have continued the trial for a week. Furthermore, the record shows that on February 2, MacNeven requested additional time to retain an attorney and complained on February 15 that he had not received more time. Finally, the continuance MacNeven and his attorney requested on January 28 extended the timely trial period to March 9. CrR 3.3(b)(5). The continuance to February 16 did not violate MacNeven's right to a timely trial and his ineffective assistance of counsel claim necessarily fails.

¶14 Affirmed.

WORSWICK, C.J., and PENOYAR, J., concur.